## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 17 cv 2331 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| CITY OF CHICAGO DETECTIVES J. | ) | Magistrate Judge Maria Valdez |
| LALLY, STAR NO. 21454, D. GILLESPIE, | ) | |
| STAR NO. 20970, R. WEBER, STAR NO. | ) | Amended Complaint for violation of Civil |
| 21072, and J. GONZALEZ, STAR NO. 20210, | ) | Rights and Supplemental State Claims |
| UNKNOWN AND UNNAMED CITY OF | ) | |
| CHICAGO POLICE OFFICERS, and THE | ) | |
| CITY OF CHICAGO, | ) | **JURY DEMANDED** |
| | ) | |
| Defendants. | ) | |

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3.      At all times herein mentioned, Plaintiff ANTHONY TUCKER (hereinafter "Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4.      At all times herein mentioned Defendants City of Chicago Police DETECTIVES DANIEL GILLESPIE; J. GONZALES; and J. LALLY, collectively "police defendants" and unknown and unnamed officers were employed by the City of Chicago Police Department and

were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5.        At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

## FACTUAL ALLEGATIONS

6.        On or about February 9, 2014 a man named John Serpe was subjected to a robbery and was murdered in the City of Chicago.

7.        Shortly after the murder the police identified two female witnesses, Monica Carter and Mahogany Lewis. At the time, they were prostitutes.

8.        Carter and Lewis became the only evidence that the Defendants allegedly had that was uncovered during the Defendants' investigation of the murder.

9.        On or about February 9, 2014, Lewis contacted the police and indicated that she was a witness. She was later that day shown a photospread and was unable to identify anybody.

10.       On or about February 13, 2014, after learning of her identity, Defendant Sergeant Dziak took Carter into custody.

11.       While in custody both women were subjected to unreasonably suggestive actions and/or, unduly coercive actions in which Defendants and unknown defendants caused them to identify, Plaintiff, Anthony Tucker as the one who committed the murder notwithstanding that they would not otherwise identify Tucker and there was no other evidence to connect Tucker to the murder.

2

12.     Monica Carter was with the man who committed the murder just before the murder occurred and knew him as "Cleo."

13.     At the police station, the unknown defendants showed Carter a photo array of individuals and directed her to identify Plaintiff Tucker.

14.     Carter did as the police directed because if she did not the defendants threatened to take her children, charge her with crimes, and ensure that then pending crimes would result in unduly severe penalties.  Specifically, defendants told Carter, among other things, that if she did not identify Tucker she would be charged with a murder, face 30 years in prison and lose custody of her child.  Carter had never first given a description of the offender other than to say that he was a male black.

15.     Lewis was also coerced to wrongly pick Plaintiff out of a lineup.

16.     Lewis identified Tucker as the alleged murderer in a lineup.

17.     Shortly before Lewis participated in the lineup the Defendants showed her a single picture of the plaintiff in a black shirt and told her that he was the murderer.

18.     On or about February 18, 2014, Plaintiff was arrested for the murder of John Serpe solely based upon the purported identifications of Carter and Lewis.  There was no forensic evidence that linked Plaintiff to the crime.

19.     The criminal case proceeded and Plaintiff was indicted by a grand jury based on the testimony of Carter and Lewis.  Tucker was indicted for murder and armed robbery, among other crimes.

20.     Thereafter on April 14, and May 17, 2016, a bench trial was held in which Tucker was charged with the murder of Serpe.  The sole evidence to link Plaintiff to the murder was the testimony of Carter and Lewis.

3

21.     At the trial, Lewis had trouble testifying at all because she was falling asleep on the witness stand. Lewis was involuntarily taken into custody prior to her testimony to ensure her presence at the trial.

22.     Carter proceeded to tell the truth at the trial and indicated that Tucker was not the murderer.  She also testified that she was threatened to pick Plaintiff out of the lineup or she would be charged with various crimes and have her children taken from her.

23.     On May 17, 2016, Plaintiff was found not guilty.

24.     Plaintiff had been in custody and continued to remain incarcerated at Cook County jail after his arrest and until the criminal proceedings terminated in his favor.  Plaintiff spent roughly 27 months in jail for a murder for which the Defendants knew there was no evidence.

25.     Plaintiff was deprived of his liberty for a substantial length of time as a result of the acts of the Defendants.

26.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

27.     The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

28.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff

4

requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C.

Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKOWN DEFENDANTS**
**AND OTHERS, FOR A CONSPIRACY TO VIOLATE HIS FOURTH AMENDMENT**
**UNLAWFUL DETENTION AND FOURTEEENTH AMENDMENT**
**DUE PROCESS RIGHTS**

29.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

30.     The individual Defendants and each of them, as well as the other unknown and unnamed officers of the Chicago Police Department, acted in a conspiracy to deprive Plaintiff of his due process and liberty rights by agreeing to, and in furtherance of that agreement, engage in manufacturing, fabricating and falsifying evidence, falsifying police reports, and falsifying testimony as indicated above.

31.     By reason of the conduct of defendants and each of them, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

32.     Subsequent to his arrest, Plaintiff was continually detained without probable cause in violation of his Fourth Amendment rights.

33.     In engaging in the conduct described above, the defendants and prosecution did not disclose exculpatory evidence that would show that Plaintiff had not committed the crime of First-Degree Murder, and Armed robbery.

34.     Further in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights, Defendants also manufactured and fabricated evidence, and falsified testimony, falsified police reports, and in particular, they manufactured lineups and caused witnesses to identify the

5

Plaintiff as the murderer notwithstanding that the Defendants knew the identifications were coerced, wrong and not the result of an untainted lawful lineup. All of this evidence was material evidence favorable to the Plaintiff, and prejudice ensued in that Plaintiff lost liberty as a result of the conspiracy among the Defendants.

35.     In addition to and as a result of the forgoing, the defendants manufactured false evidence against Plaintiff and fabricated evidence including witness testimony that was false.

36.     The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's due process rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS AND EACH OF THEM KNOWN AND UNKNOWN FOR VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT UNLAWFUL DETENTION AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS**

37.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

38.     The Defendants and each of them, known and unknown, individually, acted to deprive Plaintiff of his due process and liberty rights by manufacturing, fabricating and falsifying evidence and lineups, and testimony as indicated above.

39.     By reason of the conduct of defendants and each of them, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

40.     Subsequent to his arrest, Plaintiff was continually detained without probable cause in violation of his Fourth Amendment rights.

41.     In engaging in the conduct described above, the Defendants did not disclose exculpatory evidence that Plaintiff had not committed the crime of First Degree Murder and Armed Robbery.

42.     Further in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights, Defendants also manufactured and fabricated evidence, falsified testimony, falsified police reports, and in particular, they manufactured lineups and had witnesses identify the Plaintiff as the Defendant notwithstanding that the Defendants knew the identifications were coerced, wrong and not the result of an untainted lawful lineup. All of this evidence was material evidence favorable to the Plaintiff. Prejudice to the Plaintiff ensued in that Plaintiff lost liberty as a result of the acts of the Defendants and each of them.

43.     In addition to and as a result of the forgoing, the defendants and each of them manufactured false evidence against Plaintiff and fabricated evidence including witness testimony that was false as indicated in the previous paragraph.

44.     The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's due process rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
## PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS, INCLUDING THE CITY OF CHICAGO FOR THE SUPPLEMENTAL CLAIM OF MALICIOUS PROSECUTION

45.     Plaintiff incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

46.     The individual Defendants and each of them caused a criminal prosecution to commence and/or continue against Plaintiff.

47.     These Defendants, employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution and/or continuation of these proceedings.  As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

48.     The Defendants and each of them, initiated, facilitated, and/or continued this malicious prosecution by the creation of manufactured and fabricated evidence, including by conducting coercive lineups, manufacturing false lineup identifications, writing false police reports, and causing false testimony to be rendered by witnesses Carter and Lewis.

49.     The criminal proceedings were terminated in the plaintiff's favor on or about May 17, 2016.

50.     The CITY OF CHICAGO is liable to Plaintiff for the acts of its employees pursuant to the doctrine of *respondeat superior*.

51.     As a result of the acts of the Defendants and each of them, Plaintiff was deprived of his liberty for a substantial length of time.

52.     Therefore, the above-named defendants and the CITY OF CHICAGO are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.     That individual Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.     That these same Defendants be required to pay Plaintiff's special damages;

3.      That these same Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.      That the individual Defendants and each of them and other unnamed and unknown Defendants other than the City of Chicago and Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5.      That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.      That Plaintiff have such other and further relief as this Court may deem just and proper.


BY:     s/ Edward M. Fox
        ED FOX & ASSOCIATES
        Attorneys for Plaintiff
        300 West Adams
        Suite 330
        Chicago, Illinois 60606
        (312) 345-8877
        efox@efox-law.com


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:     s/Edward M. Fox
        ED FOX & ASSOCIATES
        Attorneys for Plaintiff
        300 West Adams
        Suite 330
        Chicago, Illinois 60606
        (312) 345-8877
        efox@efox-law.com