IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY TUCKER, | ) </br> ) </br> ) |
| *Plaintiff,* | ) </br> ) </br> ) No. 17 C 2331 </br> ) |
| v. | ) Judge Virginia M. Kendall </br> ) |
| CITY OF CHICAGO DETECTIVES J. LALLY, STAR NO. 21454; D. GILLESPIE, STAR NO. 20970; J. GONZALEZ, STAR NO. 20210; and THE CITY OF CHICAGO | ) </br> ) </br> ) </br> ) </br> ) </br> ) |
| *Defendants.* | ) </br> ) </br> ) |

**ORDER**

Final pretrial conference held on September 27, 2019. During the conference, the Court granted Plaintiff's oral motion to dismiss the conspiracy claim against Defendants. The Court ruled as follows on the parties' Motions in Limine. (Dkt. 71, 72).

Plaintiff's Motion in Limine I and Defendants' Motion in Limine XXII contest the admissibility of certain of Plaintiff's past criminal convictions pursuant to Fed. R. Evid. 609. In their brief and at the final pretrial conference, Defendants indicated they only seek the admission of Plaintiff's four most recent convictions for the purpose of impeachment and motive. Specifically, these convictions include, felony theft on May 30, 2019, two convictions for possession of narcotics on February 28, 2012, and a possession of narcotics conviction on December 14, 2009. All four of these convictions occurred within the prior ten years. Plaintiff primarily challenges the admission of the most recent conviction for felony theft in May of 2019. "Presenting a 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers." *Barber v. City of Chicago,* 725 F.3d 702, 714 (7th Cir. 2013). That concern is present here where the jury would be presented with a very recent felony conviction with relatively low probative value or relevance to the issue

of motive, considering the alleged murder and robbery here occurred more than five years prior. Moreover, felony theft is not inherently a crime of dishonesty under Rule 609(a)(2). *See Barber,* 725 F.3d at 714-15; *Clarett v. Roberts,* 657 F.3d 664, 669 (7th Cir. 2011). Accordingly, Plaintiff's motion to bar any mention of the May 20, 2019 felony theft conviction is granted. There is no indication that this conviction will be probative to his truthfulness or to any alleged motive for a crime that occurred five years in the past. The potential prejudicial effect that a jury could attribute to such a recent felony conviction outweighs the minimal probative value. However, Plaintiff's Motion is denied, and Defendants' Motion is granted as to the remaining three convictions listed above. Defendant is permitted to use those convictions for impeachment and motive purposes as the probative value is heightened due to the substantive nature of the crimes, but also the relative time frame.

Defendants also indicated they intend to admit Plaintiff's November 1991 conviction for aggravated battery with a firearm to rebut any testimony that Plaintiff is not familiar with how to use a firearm. Any such Motion covering this conviction is premature and will be addressed as trial testimony develops.

Plaintiff's Motion in Limine II to bar mention of drug use by Plaintiff is denied. Plaintiff's drug use at or near the time of the murder is relevant to Defendants' assessment of probable cause, whether Plaintiff had motive, and whether Plaintiff was accurately perceiving events. *See United States v. Bitterman,* 320 F.3d 723, 727 (7th Cir. 2003).

Plaintiff's Motion in Limine III to bar any evidence that Plaintiff was implicated in the 2014 murder other than the identifications of Monica Carter and Mahagony Lewis is denied. Plaintiff's Motion sweeps far too broadly. Defendants' are permitted to put on testimony and evidence regarding the investigation that was conducted following the 2014 murder and robbery.

Plaintiff's Motion in Limine IV is granted. Defense counsel shall not mention, comment, or suggest that the individual Defendants would be forced to pay any compensatory damages out of their own pocket. *See Kemezy v. Peters,* 79 F.3d 33, 37 (7th Cir. 1996); *Obrycka v. City of Chicago,* 2012 WL 4060293, at *2 (N.D. Ill. Sept. 14, 2012).

During the pretrial conference, Plaintiff made an oral motion to bar the trial testimony of Mahagony Lewis. Plaintiff's sole challenge to her testifying is that he was not able to depose her prior to trial. Lewis was a witness to the 2014 murder and robbery. She later identified Plaintiff as the murderer in a physical lineup and testified at his criminal trial. Both parties have been well aware of Lewis and her involvement in the criminal investigation since the onset of this case. Indeed, Lewis is featured heavily in Plaintiff's original complaint. However, after ample time and numerous attempts, they were not able to locate her for a deposition. Well after the

close of fact discovery, Lewis responded to a trial subpoena and indicated that she will testify. Lewis is not a surprise witness to either party. Rather, both sides have known about her involvement with the criminal proceeding since the beginning of this civil action. Therefore, the prejudice that comes with a last-minute addition of a witness is simply not present here. *See e.g., Ty, Inc. v. Publications Intern., Ltd.,* 2004 WL 421984, at *4 (N.D. Ill. Feb. 17, 2004). Should she be called at trial, both parties will have a full and fair opportunity to examine her on the witness stand.

Defendants' Motion in Limine I is granted in conjunction with Plaintiff's withdrawal of the conspiracy claim against the Defendants. Plaintiff shall not elicit testimony or present evidence regarding a generalized code of silence within the Chicago Police Department.

Defendants' Motion in Limine II is unopposed and is granted.

Defendants' Motion in Limine III is granted. Plaintiff shall not present argument that conflates the violation of a general order or policy with a constitutional violation. *See Thompson v. City of Chicago,* 472 F.3d 444, 455 (7th Cir. 2006).

Defendants' Motion in Limine IV is granted. Plaintiff is barred from presenting evidence that non-defendant police officers or police personnel are liable for Plaintiff's alleged injuries.

Defendants' Motions in Limine V and VI are unopposed and granted. Plaintiff shall not present evidence that would go towards a *Monell* claim and shall not present evidence regarding the disciplinary records of the Defendant officers.

Defendants' Motion in Limine VII is taken under advisement and will be addressed, if necessary, as the trial develops.

Defendants' Motion in Limine VIII is granted. Plaintiff is barred from presenting argument suggesting the jury punish or send a message to the City of Chicago.

Defendants' Motion in Limine IX is granted. Plaintiff is permitted to raise this issue with the Court at sidebar if evidence of racial motivation is developed at trial.

Defendants' Motion in Limine X is denied. Plaintiff is permitted to elicit testimony that City of Chicago witnesses are being paid for their time in Court as it can go to their potential bias.

Defendants' Motions in Limine XI – XIII are unopposed and granted.

Defendants' Motion in Limine XIV is granted. Plaintiff is precluded from arguing that Defendants failed to call any witnesses at trial as this would only serve to confuse the jury regarding the burden of proof.

Defendants' Motion in Limine XV is denied. Defendants' concern regarding the City of Chicago appearing as a named Defendant can be properly addressed by a jury instruction. If needed, Defendants' are invited to propose an additional jury instruction on the matter.

Defendants' Motion in Limine XVI is denied. However, Plaintiff is prohibited from suggesting or arguing that defense counsel are personally aligned with Defendants.

Defendants' Motions in Limine XVII – XVIII are unopposed and granted.

Defendants' Motion in Limine XIX is premature and is taken under advisement. Defendants' are permitted to raise this Motion again as trial develops.

Defendants' Motions in Limine XXI and XXII are granted. To the extent that Plaintiff would like to request additional documents or contests whether Defendants' complied with certain discovery requests, Plaintiff shall raise that issue with the Court at sidebar and not in the presence of the jury.

Defendants' Motion in Limine XXIII was orally withdrawn at the pretrial conference.

Defendants' Motions in Limine XXIV and XXV are granted in part. Defendants seek to bar Plaintiff from introducing evidence, namely through Plaintiff's public defenders, of alternative theories of the criminal case. Plaintiff is not permitted to elicit testimony from his public defenders that they had certain theories of the case which would have cleared Plaintiff's name. However, Plaintiff is permitted to inquire with the detectives and police personnel regarding the investigation and its developments as the case progressed—including the time period following Plaintiff's indictment.

Defendants' Motion in Limine XXIV is denied. Plaintiff can refer to Jim Fogarty as Brother Jim Fogarty.

_____
Virginia M. Kendall
United States District Judge

Date: October 1, 2019