## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANTHONY TUCKER, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 17 C 2331 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| CITY OF CHICAGO DETECTIVES J. LALLY, STAR NO. 21454; D. GILLESPIE, STAR NO. 20970; J. GONZALEZ, STAR NO. 20210; and THE CITY OF CHICAGO | ) ) ) ) ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Tucker filed suit against Chicago Police Detectives John Lally, Daniel Gillespie, Jacinto Gonzalez, and the City of Chicago claiming unlawful pretrial detention and malicious prosecution in relation to his February 2014 arrest for armed robbery and the murder of John Serpe. (Dkt. 67). At the core of Tucker's allegations were that the detectives fabricated evidence by way of improper photo array identification, suggestive lineup tactics, and selective recording of witness statements. After a five-day jury trial in October 2019, the jury returned a verdict in favor of Plaintiff, and against Defendants Lally and Gillespie, as to the unlawful pretrial detention and for all Defendants on the malicious prosecution count. (Dkt. 99). The court entered judgment on both claims on October 10, 2019. (Dkt. 98).

Defendants Lally, Gillespie, and Gonzalez filed a Renewed Motion for Judgment as a Matter of Law pursuant to Federal Rules of Civil Procedure 50(b)

1

contending that a reasonable jury could not find that Detectives Lally and Gillespie lacked probable cause or were personally involved in Plaintiff's constitutional deprivation, and that they are entitled to qualified immunity. (Dkts. 93, 113). This Court denied Defendants' motion on January 6, 2020. The Court then lifted the stay on Defendants' Oral Motion for Mistrial and ordered briefing on the topic. (Dkt. 140).

Defendants Lally, Gillepsie, and the City now move for a new trial for Gillepsie and Lally pursuant to Federal Rules of Civil Procedure 59(a), or in the alternative, 60(b)(3). (Dkt. 142) due to prejudicial statements made by Plaintiff's counsel during the rebuttal argument. Because these improper statements and misconduct by Plaintiff violated the Court's pretrial order, were prejudicial to Defendants, and could not be corrected by the Defendants, the Court grants Defendants' Motion for a new trial and relief from judgment. (Dkt. 142).

## **BACKGROUND**

This opinion assumes familiarity with the facts at issue in the trial. (*See* Dkt. 140). Before the trial occurred, Plaintiff's counsel moved to exclude any mention of Plaintiff's prior convictions of which he admitted were many: felony theft (2019); possession of narcotics (2012 and 2009); manufacture and delivery of heroin (2007); criminal trespass (2007 and 2006); reckless conduct (2005), possession of narcotics (1996 and 1998); aggravated battery with a firearm (1991) and manufacture and delivery of narcotics (1990). Defendants objected in part. They sought to use certain convictions for impeachment pursuant to Fed. R. of Evid. 609(a); specifically, they sought to introduce the felony convictions for retail theft in 2019 for which Plaintiff

2

received a two year sentence, the 2012 conviction for possession of controlled substance for which Plaintiff received a four year sentence, another 2012 possession of controlled substance for which Plaintiff received a one year sentence, and a 2009 possession of controlled substance for which Plaintiff received a one year sentence. Defendants also sought to introduce the 1991 conviction for aggravated use of a firearm should the Plaintiff testify that he was never in possession of a gun or should someone else state that he was not in possession of a firearm. Defendants further stated that Plaintiff's previous conviction for aggravated use of a firearm would factor into a reasonable officer's assessment of probable cause. Defendants argued that this evidence was something known to Defendants Lally and Gillespie during their criminal investigation and that this knowledge led them to believe Plaintiff committed the murder of John Serpe. (Dkt. 142 at 2:3).

Although defendants had every right to cross-examine Plaintiff with his felony convictions pursuant to Rule 609(a) because they were within the appropriate time frame, the Court excluded the cross as being overly prejudicial to the Plaintiff pursuant to Fed. R. Evid. 403. In balancing the prejudice, the Court determined that the possession of drug offenses did not go to the credibility of the Plaintiff and as such would be more prejudicial than beneficial to the jury. As for the aggravated battery with the firearm conviction, the Court had a different analysis. First, it was far outside the time period for cross examination under Rule 609(a) and therefore mentioning the conviction was highly prejudicial to Plaintiff since it was nearly 20 years old and there had not been another gun conviction since that time. In short,

the Court gave rulings to the Plaintiff that were extremely beneficial to him. However, the Court warned counsel that he could not argue the reverse inference that his client was never in possession of a gun. The Court ruled that both parties were barred from presenting any evidence to the jury regarding Plaintiff's 1991 criminal conviction for aggravated battery with a firearm. (Dkt. 89 at 2).

During the trial, before Plaintiff's cross-examination, Defendants requested a sidebar regarding the 1991 criminal conviction alleging that Plaintiff opened the door on direct examination.[1] For the second time, the Court reviewed the conviction and again determined that, although there was a possible inference, the door was not opened on direct examination and again instructed counsel for Defendants not to cross-examine Plaintiff on his 1991 criminal conviction.

Afterwards, Annie Lloyd, Plaintiff's fact witness, was called to testify by way of deposition testimony. For the third time, the Court addressed the gun conviction, this time in relation to the reverse inference. The Plaintiff attempted to bring in the reverse inference that the Court expressly prohibited by presenting the deposition testimony from Lloyd wherein she stated that she had never known Plaintiff to possess a firearm. (Dkt. 142-1, 71:3–5). Defendants objected on the grounds that such testimony would run contrary to this Court's ruling on Plaintiff's 1991 criminal conviction. The Court agreed and that portion of the testimony was stricken from the record.

---

[1] Following trial, the parties ordered only select portions of the trial testimony to be transcribed into an official transcript. The testimony of Plaintiff was not ordered by the parties. However, the Court has the benefit of having observed all testimony and a rough version of the entire transcript. As such, reference to the testimony of Plaintiff is taken from the rough transcript.

4

As the trial proceeded to closing arguments, no mention of Plaintiff's 1991 criminal conviction was entered into evidence or included in the trial record. During Plaintiff's rebuttal closing argument, however, when Defendants had no opportunity to rebut, Plaintiff's Counsel included the following:

> Are we to believe that – or were they to believe that Anthony Tucker, over 40 years old, decided one day to go to a funeral, magically get a gun from somewhere, and murder somebody? They had no information from anybody, outside of these two witnesses that they've been working with, that Anthony Tucker was ever known to use a gun. They talked to the Lloyds. They talked with the people that knew him best. And nobody gave them any indication whatsoever of him having anything to do with a gun.

(See Dkt. 119 at 13:4-10)

Of course, this was false. Tucker had a gun conviction. The Defendants had proffered in the pretrial conference that the officers knew this as some point during their investigation and that it was highly relevant to their decision. Expectedly, Defendants objected, and this Court sustained the objection. (*Id.* at 13:15). Defendants did not request a curative instruction, nor did Defendants move for a mistrial at that moment. After closing arguments, and once the jury was excused, Defendants made an oral motion for a mistrial. (Dkt. 120 at 2:15–18). Defendants' motion was "based on a violation of the motions *in limine*, this Court's rulings in regard to plaintiff's 1991 conviction for an aggravated battery with a firearm" and the extreme prejudice resulting from the violations. *Id.* The motion was taken under advisement, (Dkt. 120 at 2:23) and Defendants did not ask for a ruling from the Court before judgment was entered.

**LEGAL STANDARD**

A court may order a new trial if a jury's "verdict is against the manifest weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *Willis v. Lepine,* 687 F.3d 826, 836 (7th Cir. 2012) (citation and quotation marks omitted). Defendants must overcome an especially heavy burden to establish the need for a new trial under Rule 59(a). *See Marcus & Millichap Inv. Servs. of Chicago, Inc. v. Sekulovski,* 639 F.3d 301, 313–14 (7th Cir. 2011). Courts may uphold jury verdicts "as long as a reasonable basis exists in the record to support [the] verdict." *Pickett v. Sheridan Health Care Ctr.,* 610 F.3d 434, 440 (7th Cir. 2010). District courts have wide discretion in determining whether to grant a motion for a new trial. *Mejia v. Cook County, Ill.,* 650 F.3d 631, 634 (7th Cir. 2011). In determining whether to grant a new trial under Rule 59, "[a] court should only grant a new trial if the improperly admitted evidence had a 'substantial influence over the jury,' and the result reached was 'inconsistent with substantial justice.'" *Christmas v. City of Chicago*, 682 F.3d 632, 640 (7th Cir. 2012).

**DISCUSSION**

Defendants argue the following: that (1) Plaintiff intentionally violated the Court's ruling *in limine*, (2) the jury instructions did not cure the substantial prejudice to Defendants, (3) Plaintiff's criminal conviction prevented Defendants from fully presenting the Defendants knowledge that formed the basis for probable cause, and (4) a new trial is timely and warranted under Rule 59(a) or Rule 60(b)(3).

### A. Improper Statements During Rebuttal Closing Argument

To obtain a new trial based on attorney misconduct, Defendants must show both that the "misconduct occurred and that it prejudiced their case." *Viramontes v. City of Chicago*, 840 F.3d 423, 431 (7th Cir. 2016). Defendants highlight the comment made during the rebuttal closing argument by Plaintiff as having denied them a fair trial because the Plaintiff intentionally presented evidence, in violation of a motion *in limine*, which did not conform with the evidence presented or reasonable inferences a juror could draw upon.

Plaintiff's statements saying that no witnesses testified "that Anthony Tucker was ever known to use a gun," were improper and violated the Court's ruling *in limine*. (Dkt. 119 at 13:8–10). Further, these comments were prejudicial and the jury easily could have relied on them in reaching their verdict. Although improper comments during closing arguments rarely constitute reversible error, *Viramontes*, 840 F.3d at 431; *Smith v. Hunt*, 707 F.3d 803, 812 (7th Cir. 2013) (the Seventh Circuit "has been loathe to find that improper comments made during closing argument rise to the level of reversible error"), where those comments were made in violation of a court order and were made to allow the jurors to reach an improper inference from the facts, and at a time when those comments could not be corrected, the error is highly prejudicial. Here the Court had specifically directed the parties to refrain from mentioning Plaintiff's 1991 conviction. Both parties abided by the ruling *in limine* until Plaintiff's improper comments during rebuttal closing which did not afford

7

Defendants the opportunity to argue against the introduction of these comments. Purposefully violating a ruling *in limine* has been found to constitute prejudicial error necessitating a new trial in other instances in this Circuit and other courts. *See Joseph v. Brierton*, 739 F.2d 1244, 1247-48 (7th Cir. 1984) (counsel violated an *in limine* ruling during closing argument, and despite instructions from the Court telling the jury to ignore counsel's comments, the comments were highly prejudicial and a new trial was necessary); *Adams Laboratories, Inc. v. Jacobs Engineering Co., Inc.*, 761 F.2s 1218, 1225-27 (7th Cir. 1985 (counsel's reference to chemical plant's bankruptcy, which was in direct contravention of ruling *in limine*, along with other errors constituted prejudicial error which entitled party to new trial); *Moody v. Ford Motor Co.*, 506 F.Supp.2d 823, 847-848 (N.D. Okla. 2007) (new trial granted after counsel violated ruling *in limine* and engaged in other prejudicial acts, including improper attacks on parties' credibility).

Additionally, Plaintiff's improper closing remarks departed from the evidence allowed at trial. A new trial is warranted if the improper closing remarks "depart from the evidence presented at trial and result in substantial prejudice to the opposing party." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 731 (7th Cir. 1999) (citing *Marshall v. Porter Cnty. Plan Comm'n*, 32 F.3d 1215, 1221 (7th Cir. 1994)); *see also Kiefel v. Las Vegas Hacienda*, 404 F.2d 1163 (7th Cir. 1968) (Defense counsel's knowingly making prejudicial insinuations during opening argument, not substantiated by the evidence entitled plaintiff to a new trial). The parties in this case were barred from mentioning Tucker's 1991 conviction in an effort to help

Plaintiff, but Plaintiff took advantage of this ruling to introduce statements that were not before the jury.

Further causing prejudice to Defendants, Plaintiff's statements that "…[N]obody gave them any indication whatsoever of [Tucker] having anything to do with a gun," were demonstrably false but Defense could not rebut this statement as they were made during rebuttal closing. *Gruca v. Alpha Therapeutic Corp.*, 51 F.3d 638, 645 (7th Cir. 1995) (statements made by Defense during surrebuttal without opportunity to reply gave rise to prejudice); *see also Venson v. Altamirano*, 749 F.3d 641, 657 (7th Cir. 2014) (Court rejecting argument that Plaintiff was prejudiced by improper statements made during closing because Plaintiff had an opportunity to rebut Defendants). That Defendants were unable to correct Plaintiff's inflammatory and false statements made during closing only heighten the level of prejudice.

In the Judgment as a Matter of Law decision, the Court acknowledged that "this case was one of competing narratives and testimonial discrepancies." (Dkt. 140 at 15). The jury heard substantial testimony supporting both the Plaintiff's and Defendants' positions. At that stage, the Court needed only to answer whether there was sufficient evidentiary basis for the jury to find in Tucker's favor, which the Court concluded there was. (*Id.*). However, here, where the evidence was so close, Plaintiff's inflammatory and false statements, which Defendants could not rebut, would have had a significant prejudicial effect on the jury.

The Court attempted to take some corrective action. Comments made by Plaintiff were corrected in the form of a sustained objection. (Dkt. 119 at 13:15).

When improper comments are objected to and the district court sustains the objection, the comments are less likely to require reversal. *Viramontes*, 840 F.3d at 431; *Christmas*, 682 F.3d at 643. However, here, as discussed above, the Court had already set limitations on what evidence could come in about Tucker's prior conviction. Plaintiff purposefully abrogated these limitations to give rise to the inference that Tucker could not have been involved in the crime here as he did not have a history of using a gun.

The Court attempted to further mitigate the harm by instructing the jury minutes after the Defendant's objection, that "the lawyers' opening statements and closing arguments to you are not evidence." (Dkt. 95 at 4). That instruction however does not highlight what portion of the argument was not accurate. If the Court were to have instructed as to the exact inaccurate statement, the Court would have had to tell the jury that the statement that he never possesses a gun was false. Clearly, that also would have been highly prejudicial. While "[w]e presume that juries follow the instructions given by the court," given the highly prejudicial nature of the comments, the unfairness of Defendants not being able to rebut said comments, and that the jury may have relied on Plaintiff's statements despite the Court's instruction that they were not evidence, the Court finds that a new trial is warranted under Rule 59. *Soltys v. Costello*, 520 F.3d 737, 744 (7th Cir. 2008).

Plaintiff argues that Defense's Rule 59 motion is untimely. However, the record shows that Defense moved for a mistrial after closing arguments, and once the jury was excused, but before the final verdict. (Dkt. 120 at 2:15–18). The motion was

taken under advisement. (Dkt. 120 at 2:23). After denying Defense's Motion for Judgment as a Matter of Law on January 6, 2020, the Court set a briefing schedule for the stayed oral motion for a mistrial. (Dkt. 140). Defense then promptly filed its Rule 59 motion. It is clear that the Court may not *sua sponte* extend the 28-day deadline, but this does not mean that a Court may not stay a Rule 59 motion while resolving a motion for JMOL. *See Banks v. Chi. Board of Ed.*, 750 F.3d 663, 666 (7th Cir. 2014) (citing *Justice v. Town of Cicero*, 682 F.3d 662 (7th Cir. 2012) (stating that the time limit of a Rule 59 motion is "unyielding."). However, here Defense's motion would have been timely filed but for the Court's stay. In any event, if Defense did not timely file its Rule 59 motion, the Court may construe it as a Rule 60 motion. *Id.* ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion.")

## B. Rule 60(b)(3) Motion

While the Court has allowed this motion under Rule 59, the Court finds that Defendants proposed Rule 60(b)(3) motion succeeds as well. (Dkt. 151). It is "well-established that Rule 60(b) relief is an extraordinary remedy and is only granted in exceptional circumstances." *Willis v. Lepine*, 687 F.3d at 833. Rule 60(b) has several components from which a court may grant relief from a final judgment, order or proceeding. Fed.R.Civ.P. 60(b). Defendants argue that they are entitled to relief under Rule 60(b)(3) which allows for relief from a judgment or order for fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct

11

by an opposing party. *Id.* Under Rule 60(b)(3), a party "must show that she has a meritorious claim that she was prevented from 'fully and fairly presenting' at trial as a result of the adverse party's fraud, misrepresentation, or misconduct." *Wickens v. Shell Oil Co.,* 620 F.3d 747, 758-59 (7th Cir. 2010). Additionally, "the Rule 59(a) standard is "substantially similar to Rule 60(b)(3)'s "fully-and-fairly" standard[.]" *Willis*, 687 F.3d at 836. Further, "'[t]he misconduct of counsel justifies a new trial where that misconduct prejudiced the adverse party.'" *Id.* citing *Davis v. FMC Corp.*, 771 F.2d 224, 233 (7th Cir. 1985).

Defendants contentions are centered around Plaintiff's intentional misconduct during rebuttal closing argument which left Defendants no opportunity to rebut. As previously noted, Plaintiff's remarks during rebuttal closing argument were improper because of this Court's ruling on the motion *in limine* barring evidence of Plaintiff's prior conviction, which the Court acknowledged was intended to help Plaintiff. (Dkt. 120 at 2:19-22). Plaintiff's remarks were highly prejudicial for the reasons discussed above and Defendants were left no opportunity to rebut Plaintiff's statements, which were on an issue central to the case. The Court set strict limitations on the evidence allowed in; Plaintiff then purposefully violated those limitations. That action prevented Defendant from "fully and fairly" presenting their case at trial and presented an inaccurate portrait of the facts. Thus, the Court finds Defendants' Rule 60(b)(3) motion meritorious

## CONCLUSION

For the reasons stated herein, the Court grants Defendant's Motion for a New Trial under Rule 59 or Relief from Judgment under Rule 60(b)(3).

Virginia M. Kendall
United States District Judge

Date: October 6, 2020